**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELVIN FRANCISCO GRAMAJO; ESMERALDA DEL ROCIO GRAMAJO, Petitioners, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 07-74609 Agency Nos. A095-180-663 A095-180-664 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2011
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

Elvin and Esmeralda Gramajo petition for review of the Bureau of

Immigration Appeal's ("BIA") denial of their motion to reopen. We have

jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The denial of a motion to reopen is reviewed for abuse of discretion. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).

Petitioners' motion is both number- and time- barred. 8 U.S.C. §§ 1229a(c)(7)(A), 1229a(c)(7)(C)(i). They filed their first motion to reopen on December 22, 2005, triggering the number bar. Their second motion to reopen was filed almost three years after entry of the immigration judge's decision, well beyond the ninety-day filing deadline.

Even if petitioners were eligible for equitable tolling of these procedural bars, *see Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir. 2003), petitioners do not have a basis for equitable tolling. Under *Iturribarria*, the ninety-day window for equitable tolling begins to run when the immigrant meets with new counsel and discovers the fraud, deceit, or error. *Id.* at 899.

Petitioners allege that they did not know of their former counsel's fraudulent conduct until meeting with new counsel in "about the middle of March" 2007. Thus, the new ninety-day deadline, triggered by equitable tolling, was in mid-June. The petitioners' second motion to reopen was filed on June 22, 2007. Nothing in petitioners' motion or the briefs addresses this delay in filing. In fact, the brief suggests that the petitioners discovered the full extent of what happened in February 2007.

**PETITION DENIED.**